UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACADIA INSURANCE COMPANY, TARGET CORPORATION, and RWC LANDSCAPE SERVICES MANAGEMENT INC. d/b/a OUTSIDE UNLIMITED, | **COMPLAINT**  Case No. 1:23-CV-1183 (LEK/DJS) |
| Plaintiffs, | |
| vs | |
| MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs Acadia Insurance Company ("Acadia"), Target Corporation ("Target"), and RWC Landscape Services Management Inc. d/b/a Outside Unlimited ("RWC"), by their attorneys Goldberg Segalla, LLP, as and for their Complaint, allege:

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. §§2201, 2202 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

## THE PARTIES

2. At all times hereinafter mentioned, Acadia was and is a corporation existing under the laws of the State of Iowa, with its principal place of business in Iowa, that is engaged in certain insurance business in New York State on an admitted basis, including issuance of the Acadia policies alleged herein.

3. At all times hereinafter mentioned, Target was and is a corporation existing under the laws of the State of Minnesota, with its principal place of business in Minnesota.

4. At all times hereinafter mentioned, RWC was and is a corporation existing under

35856207.v1

the laws of the State of New Hampshire, with its principal place of business in New Hampshire.

5. Upon information and belief, at all times hereinafter mentioned, defendant, Michigan Millers Mutual Insurance Company ("Michigan Millers"), was and is a corporation existing under the laws of the State of Michigan, with its principal place of business in Michigan, that is engaged in certain insurance business in New York State on an admitted basis, including issuance of the Michigan Millers policy alleged herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue in this district is proper under 28 U.S.C. §1391(b)(2), since a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

8. The instant action arises out of certain underlying bodily injury actions brought by Donavin Kemp in New York State Supreme Court, Montgomery County, captioned *Donavin Kemp v. Target Corporation, et al.* (Index No. EF2021-246) and *Donavin Kemp v. Outside Unlimited, LLC* (Index No. EF2022-669) (collectively the "Underlying Actions").

9. In the Underlying Actions, Kemp seeks damages for bodily injury he allegedly sustained on January 18, 2021, when he allegedly slipped and fell on snow and/or ice (the "Alleged Accident") while working at premises located at 1800 State Highway 5S, Amsterdam, New York (the "Premises").

10. Kemp alleges Target was the owner of the Premises.

11. Prior to the Alleged Accident, Target entered into a contract with RWC to provide

2

35856207.v1

certain snow and/or ice removal services at the Premises, which was in effect on the date of the Alleged Accident.

12. Prior to the Alleged Accident, RWC entered into a subcontract with North Country Property Management ("North Country") for "[s]nowplowing, snow removal, sanding, salting, de-icing, shoveling and any related winter maintenance" at the Premises for the period October 1, 2020 to September 30, 2023 (the "Subcontract").

13. Kemp alleges in the Underlying Actions that, at all relevant times, North Country was retained "to perform snow and ice removal" at the Premises.

14. Kemp also alleges his injuries were the result of the negligence of, *inter alia*, North Country in performing or failing to perform snow and ice removal services.

15. Pursuant to the terms of the Subcontract, North Country was obligated to procure additional insured coverage for Target and RWC under North Country's commercial general liability policy.

16. Upon information and belief, Michigan Millers issued a general liability insurance policy to North Country under policy number C0534025 for the period September 13, 2020 to September 13, 2021 (the "Michigan Millers Policy").

17. Pursuant to the terms of the Michigan Millers Policy, Target and RWC are additional insureds entitled to a defense and indemnification in connection with the Underlying Actions and the accident alleged therein.

18. The Michigan Millers Policy provides primary and noncontributory coverage to Target and RWC in connection with the Underlying Actions and the accident alleged therein.

19. The defense and indemnification of Target and RWC in connection with the Underlying Actions and the accident alleged therein has been tendered to Michigan Millers.

20. Michigan Millers has denied additional insured coverage under the Michigan Millers Policy for Target and RWC in connection with the Underlying Actions and the accident alleged therein, and has refused to defend or indemnify Target and RWC under that policy.

21. Acadia issued a Commercial Lines Policy to RWC for the period October 15, 2020 to October 15, 2021, under policy number CPA 5451241-10 (the "Acadia CGL Policy").

22. Acadia is providing additional insured coverage to Target under the Acadia CGL Policy in connection with the Underlying Actions.

23. Acadia also issued a separate Commercial Lines Policy to RWC for the period October 15, 2020 to October 15, 2021, under policy number CUA 5451243-10 (the "Acadia UMB Policy").

24. To date, Acadia has defended Target and RWC in the Underlying Actions under the Acadia CGL Policy.

25. Acadia, Target, and RWC (collectively the "Plaintiffs") have no adequate remedy at law.

## AS AN FOR A FIRST CAUSE OF ACTION

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Target and RWC are additional insureds under the Michigan Millers Policy issued to North Country and are entitled to a defense and indemnification in connection with the Underlying Actions.

28. Michigan Millers has failed and refused to defend and indemnify Target and RWC as additional insureds in connection with the Underlying Actions, in breach of the Michigan Millers Policy.

35856207.v1

29. As a result of Michigan Millers' breach of its duty to defend Target and RWC, Acadia has been defending Target and RWC and has expended sums in furtherance of such defense.

30. As a result, Plaintiffs are entitled to and demand a judgment declaring that Michigan Millers is obligated to defend and indemnify Target and RWC in the Underlying Actions as additional insureds under the Michigan Millers Policy.

### AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Coverage for Target and RWC under the Acadia CGL and UMB Policies is excess to their coverage as additional insureds under the Michigan Millers Policy issued to North Country.

33. Plaintiffs are entitled to judgment declaring that the coverage for Target and RWC under the Michigan Millers Policy is primary to their coverage under the Acadia CGL and UMB Policies, and that Michigan Millers has the sole obligation to defend Target and RWC in the Underlying Actions.

### AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Acadia has incurred costs of defending Target and RWC in the Underlying Actions to date.

36. Acadia is entitled to judgment against Michigan Millers for all defense costs incurred by it on behalf of Target and RWC in connection with the Underlying Actions.

WHEREFORE, Plaintiffs are entitled to judgment against Michigan Millers: (1) declaring

that Michigan Millers must defend and indemnify Target and RWC as additional insureds under the Michigan Millers Policy in connection with the Underlying Actions; (2) declaring that coverage for Target and RWC under the Michigan Millers Policy is primary to their coverage under the Acadia CGL and UMB Policies, and that Michigan Millers has the sole obligation to defend Target and RWC in the Underlying Actions; (3) for all defense costs incurred by Acadia on behalf of Target and RWC in the Underlying Actions, plus interest; and (4) granting such other and further relief as the Court deems proper.

Dated: Buffalo, New York
September 15, 2023

Respectfully submitted,

GOLDBERG SEGALLA LLP

By:  *s/Adam Durst*
Adam R. Durst
*Attorneys for Plaintiffs*
665 Main Street
Buffalo, NY 14203-1425
Phone:  716-566-5400
Fax:     716-566-5401

35856207.v1